UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY A. WELCH, | Civil No. 09-1404 (ADM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOAN FABIAN, Commissioner of Corrections, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2001, Petitioner was convicted in the state district court for Ramsey County, Minnesota, on charges of attempted second degree criminal sexual conduct, ("CSC"), and kidnaping. He received a 150-month prison sentence for his CSC conviction, and a 45-month sentence for his kidnaping conviction, to be served consecutively.

Petitioner challenged his 2001 convictions and sentences by filing a direct appeal. The Minnesota Court of Appeals found that Petitioner's sentence should be reconsidered,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

in light of the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>State v. Welch</u>, No. C9-01-1095, (Minn.App. 2002), 2002 WL 1013152 (unpublished decision). Before the case was remanded for resentencing, Petitioner sought further review in the Minnesota Supreme Court. That request was granted, and the State Supreme Court reversed and vacated Petitioner's conviction and sentence for kidnaping. <u>State v. Welch</u>, 675 N.W.2d 615 (Minn. 2004). The case was then returned to the trial court for resentencing on the surviving CSC conviction.

On remand, Petitioner was again sentenced to 150 months in prison for his CSC conviction. He then filed another appeal challenging his new 150-month sentence. The arguments raised in Petitioner's second appeal were rejected, and his new 150-month sentence was upheld by the Court of Appeals. <u>State v. Welch</u>, No. A06-1411, (Minn.App. 2007), 2007 WL 1470490 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on August 7, 2007. <u>Id</u>.

Petitioner's current submissions show that he has been involved in several other court proceedings since 2001. His memorandum in support of his petition, (Docket No. 2), indicates that in 2003, he was charged with making "terroristic threats," in violation of Minn.Stat. § 609.713, subd. 1. The memorandum refers to Petitioner's "future consecutive sentence for Terroristic Threats," which suggests that he must have been convicted of that charged offense.[2] In addition, it appears that Petitioner has filed two habeas corpus petitions in the state district court for Washington County, Minnesota, which somehow

---

[2] A website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), indicates that Petitioner is <u>currently</u> serving a sentence that was imposed following his conviction for terroristic threats. (Petitioner apparently committed his terroristic threat offense while he was serving his sentence for his 2001 convictions.)

pertain to his 2001 Ramsey County convictions. (Petition, [Docket No. 1], pp. (3)-(4), §§ 10, 11.)

Petitioner's memorandum also refers to a post-conviction motion, presumably filed in the trial court, which also somehow pertains to his 2001 Ramsey County convictions. Petitioner represents that he is currently seeking further review of that matter in the Minnesota Court of Appeals. He has submitted a copy of a letter from the State Court of Appeals, which indicates that a "nonoral conference" is to be held in connection with that appeal on July 22, 2009.

Petitioner's current federal habeas corpus petition, which was filed on June 15, 2009, presents a single claim for relief. He contends that Respondent, the Minnesota Commissioner of Corrections, has "miscalculated" his sentence, by "holding Petitioner accountable for loss of good time, on his vacated kidnapping conviction." (Petition, p. (5) and attachment, § 12.A.) According to Petitioner, Respondent has misinterpreted and misapplied the Minnesota State Sentencing Guidelines, which has caused Respondent to miscalculate the date when he will have fully served his 150-month CSC sentence.[3] For

---

[3] Petitioner's current habeas corpus claim, repeated verbatim and in its entirety, reads as follows:

"Sentence for current offense Attempted 2nd Degree CSC is improperly miscalculated by Commissioner of Corrections. On February 5, 2004, the Minnesota Supreme Court vacated Petitioner's governing consecutive sentence kidnapping 609.25, and affirmed Petitioner's conviction and sentence for his current offense. The Commissioner of Corrections, is holding Petitioner accountable for loss of good time, on his vacated kidnapping sentence, whereas under the Minnesota Sentencing Guidelines II.F.C2, Petitioner's consecutive sentence for his current offense, began to run at the end of his incarceration for his First Sentence kidnapping 609.25. Therefore, any loss of good time on Petitioner's behalf, did not start to accumulate, until his Second Sentence, for his current offense began to run,

3

the reasons discussed below, the Court finds that Petitioner's current claim for relief cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court can entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus review is available only for alleged violations of <u>federally</u> protected rights. <u>See</u> <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per curiam</u>) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

The present petition is not based on the federal Constitution or any federal law. Petitioner has clearly indicated that he believes Respondent has miscalculated the term of his sentence by misinterpreting and misapplying the Minnesota <u>State</u> Sentencing Guidelines. (<u>See</u> n. 3, <u>supra</u>.) The federal Constitution is never mentioned, or even alluded to, anywhere in the present petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. The arguments presented in the current petition involve only the interpretation and application of Minnesota <u>state</u> law.

The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction

---

      on June 7, 2004. The total loss of good time on Petitioner's vacated kidnapping sentence is 16 months, and it shall be rescinded, and Petitioner's sentence for his current offense shall be calculated properly, by the Commissioner of Corrections, under the Minnesota Sentencing Guidelines."

(Petition, p. (5) and attachment, § 12.A.)

violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Because Petitioner's current habeas corpus petition does not present any claim based on the federal Constitution, the petition must be summarily rejected.

Furthermore, even if Petitioner intended to raise some constitutional claim in his current petition, (even though he plainly failed to do so), no such claim could be entertained here, because he has not exhausted his state court remedies for any such constitutional claim. It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

As explained by the U.S. Supreme Court in Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam):

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts.... [Citations omitted.] The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights...." (Citations omitted.)

5

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal constitutional claims to the highest available state court before seeking relief in federal court. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, Petitioner has not presented his current sentence miscalculation claim to the Minnesota Supreme Court. Therefore, even if Petitioner's sentence miscalculation claim were somehow based on the United States Constitution, rather than the Minnesota State Sentencing Guidelines, the present petition still could not be entertained, because Plaintiff has not exhausted his state court remedies for his sentence miscalculation claim.[4]

---

[4] In Petitioner's memorandum in support of his current petition, he seems to argue that his current habeas corpus petition should be entertained here, despite his failure to exhaust his state court remedies. He seems to be contending that he should be excused from the exhaustion requirement, because his sentence miscalculation claim might not be fully adjudicated in the state courts until after he has already completed his sentence. This argument assumes that Petitioner has presented an actionable habeas corpus claim, i.e., claim based on the federal Constitution, which is an assumption that the Court has already rejected.

Furthermore, the exhaustion of state court remedies requirement has a long and consistent history of stringent enforcement. The relationship between the state and federal judicial systems in this country is based largely on the understanding that "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Duckworth, 454 U.S. at 3-4, quoting Ex parte Royall, 117 U.S. 241, 251 (1886). See also Wade v. Mayo,

## III. CONCLUSION

Because Petitioner has not identified any federal constitutional basis for his current claim for relief, his claim is not reviewable in a federal habeas corpus action. Furthermore, even if, hypothetically, Petitioner could identify some previously undisclosed constitutional dimension to his current claim for relief, his present petition still could not be entertained, because he has not exhausted his state court remedies for any such constitutional claim. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.[5]

---

334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). An exception to the exhaustion of state court remedies requirement will be made "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth, 454 U.S. at 3. Petitioner has not shown that there is no effective state court remedy available to him, nor has he shown that the state courts are incapable of resolving his claims as quickly and correctly as the federal courts. See Lopez v. Jones, No. 08-cv-00627-BNB, (D.Colo. 2008), 2008 WL 2447491, at *3 (habeas petitioner's contention that "he would not be able to complete the state court exhaustion process prior to when he should be released is speculative at best and fails to support a finding that any state court process is clearly deficient"). Moreover, Petitioner has not shown that he would be released from prison immediately, even if his current claim for relief proved to be sustainable. To the contrary, it appears that Petitioner would remain in prison because of his Terroristic Threat conviction, even if his current claim for relief were upheld. Therefore, if Petitioner could devise a federal constitutional basis for challenging his sentence, his failure to exhaust his state court remedies for that claim could not be excused.

[5] If Petitioner had presented a federal constitutional claim, and if this case were being dismissed because of Petitioner's failure to exhaust that claim, the Court would then recommend that this case be dismissed without prejudice. However, the Court is recommending dismissal not because Petitioner failed to exhaust his state court remedies, but because he failed to present any federal constitutional claim that can be entertained in federal court. Petitioner has presented only a state law claim, (i.e., that Respondent has misinterpreted and misapplied the Minnesota Sentencing Guidelines), and that state law claim could not be reviewed in federal court even if it were exhausted. Based on the Court's determination that Petitioner has not actually presented an actionable federal habeas claim, it is recommended that this case be dismissed with prejudice.

7

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **SUMMARILY DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: June  25, 2009

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 9, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.